**FIDELITY TRUST CO. v. LEDERER, Collector of Internal Revenue.**

(District Court, E. D. Pennsylvania. July 14, 1921.)

No. 8118.

1. **Internal revenue ⬅═19(1)—All forms of security issued by corporations expressive of indebtedness taxable.**
    All forms of so-called securities or investments issued by corporations, whether expressive of indebtedness or shares in anything the corporation possesses, are taxed, as are also all forms of instruments expressive of the indebtedness of any person to the holder.

⬅═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Internal revenue $\otimes$=19(1)—Car trust certificates issued under Philadelphia plan held subject to stamp tax.**

Car trust certificates, issued under the Philadelphia plan by a trustee holding the legal title to rolling stock who sells the same to the railroad company under a contract of conditional sale, were intended and are sufficiently shown to be subjected to the stamp tax imposed by Act Feb. 24, 1919, § 1107 (1), being Comp. St. Ann. Supp. 1919, § 6318p, though such a certificate is in strictness neither a "certificate of indebtedness issued by any person" nor an "instrument issued by any corporation," within the meaning of the act, and though such a certificate is not evidence of corporate debt nor of shares in corporate assets; it evidently being the intent of Congress to bring within the act everything known generally as corporate securities and such certificates come within that designation.

**3. Internal revenue $\otimes$=19(1)—Executive and judicial departments cannot levy tax, but must give effect to act of Congress not clearly expressed.**

Neither the executive nor the judicial departments of the government can levy a tax, as this can only be done by Congress; but when Congress has acted, and the tax questioned is found to have been levied, the mere fact that in the light of the particular case in which the question is raised the meaning of Congress might have been more clearly expressed does not justify a refusal to give that meaning effect.

At Law. Action by the Fidelity Trust Company against Ephraim Lederer, Collector of Internal Revenue. Sur rule for judgment. Rule discharged.

Dickson, Beitler & McCouch and H. Gordon McCouch, all of Philadelphia, Pa., for plaintiff.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., Carl A. Mapes, Solicitor of Internal Revenue, of Washington, D. C., and Harold Allen, Sp. Atty. for Internal Revenue Bureau, of New York City, for defendant.

DICKINSON, District Judge. This case is in effect a case stated, in the determination of which we are asked to decide a question of law. The question, broadly stated, is whether the "certificates" held by the plaintiff as trustee are taxable. We, in consequence, limit our attention to this.

[1] The taxing authorities give the impression of their attitude as, first, one of uncertainty and then one of doubt. We have given the subject of the tax the name of "certificates," in order to get a word as colorless as possible, because any word or words definitely descriptive of what the thing sought to be taxed really is anticipates the ruling to be made, inasmuch as what the thing is determines whether or not it is taxable. It is conceded that Congress might have taxed these "certificates," had they been known or thought of, and had Congress so willed. The whole question is: Has it taxed them? It has, if they fall within the verbiage of the acts of Congress; otherwise, they remain untaxed. It is doubtless the fact that the draftsman of the tax laws had the purpose in mind to tax everything from which income was expected to be derived by granting to one person the use of the money of another. In the effort to make sure of the accomplishment of this purpose, resort was had to enumeration and description. The descent from the

$\otimes$=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

general to the particular and specific, however careful the attempt to make the list of the latter full and all-embracing, always has the result of at least rendering doubtful the inclusion of what is not by name listed. All forms of so-called securities or investments issued by corporations, whether expressive of indebtedness or shares in anything the corporation possesses, are without doubt taxed, as are also all forms of instruments expressive of the indebtedness of any person to the holder.

[2] We are strongly impressed by the argument at bar that these two general lines of thought marked the limits of what had been taxed. The question before us, then, resolved itself into an inquiry into what these "certificates" are. They are in strictness neither evidences of debt nor of shares in corporate assets. This is because of their peculiar form and of the plan under which created. A dealer in so-called investments or securities would without doubt or hesitation list them under the name or designation of "car trust certificates," for such they are. There are many such "on the market." They all have the same general purpose and character. They are called for because some railroad or other transportation company is in need of rolling stock or other equipment, and is without funds or credit with which to supply itself, and there is a legal or other difficulty in the way of a direct pledge of the property. They are issued under a number of different plans. The one with which we are concerned is known as the Philadelphia plan. Those willing to share in the venture are invited to place their contributions in the hands of an acceptable trustee. The rolling stock, or other property, is then purchased in the name of this trustee as owner. The trustee then enters into a form of bailment or conditional sale agreement with the carrier, the periodical and final payments upon which are sufficient to pay the interest on the investment and the principal at maturity. The contributors in the meantime hold the certificates or acknowledgment of the trustee of their respective shares in the venture.

It will thus be seen that in strictness the only obligation in the nature of a debt or promise to pay money is the obligation and agreement of the carrier to pay the agreed price for the hire and use of the property, or the rentals, as they are commonly termed. The trustee is a mere purse, and only in a secondary sense can be said to owe anything to any one, other than faithfulness to its trust obligations, and is not a debtor, even in this secondary sense, unless and until and as the moneys which belong to the contributors come into its hands. The certificate is not within the literal verbiage of Act Cong. Feb. 24, 1919, § 1107 (Comp. St. Ann. Supp. 1919, § 6318p), not being "a certificate of indebtedness issued by any person," nor "an instrument issued by any corporation." If the taxing hand has been laid only upon these specific forms of what are generally known as securities, it must be withdrawn from the "trust certificates" now under view. This would mean that they are the exceptions among this general class of securities, and are exempt because the very effort made in the framing of the law to include all forms of securities of this general character has, in verbal nicety, excluded them. The act of Congress, however, includes more than the two kinds of

securities mentioned above, because we think it includes everything "known generally as corporate securities." That these trust certificates are so known would not be denied. The denial would be of the correctness of this construction of the act of Congress. There are two obstacles to be surmounted before reaching this construction. One is that the rule of the nearest antecedent makes the quoted phrase relate to and serve as a definition of the described kinds of "instruments issued by corporations," and the other is that the finding of a meaning to tax all instruments "commonly known as corporate securities" involves the presence of a grammatical error in the act of Congress. Neither of these obstacles are, however, insurmountable, if this was the meaning of Congress, and we so find. Nor do we see any conflict between a ruling that these certificates are taxable and the doctrine of the cases to which we have been referred that there is no such thing as a doubtful tax. U. S. v. Isham, 84 U. S. (17 Wall.) 496, 21 L. Ed. 728.

[3] The question now presented is admittedly a close one, but this does not necessarily make for the taxpayer. The true doctrine is that neither the executive nor the judicial departments, nor both, can levy a tax. This can only be done by Congress. When, however, Congress has acted, and the tax questioned is found to have been levied, the mere fact that, in the light of the particular case in which the question is raised, the meaning of Congress might have been more clearly expressed, does not justify a refusal to give that meaning effect. The real truth back of the whole discussion is that, if these certificates are not taxable, it is because of the accidental circumstance of a wholly nominal separation of the security held by the taxpayer from the obligation of debt entered into by the carrier corporation. The real security is the promise, not of one corporation, but of two, to pay to the certificate holders the sums due them. The real transaction is the request of the carrier company made to the certificate holders to advance the money required for equipment, in consideration of which the carrier agrees to pay back the sum advanced, with interest. This, it is true, was not the form of the promise; but such it was in substance, because it was a promise to pay a sum which was the exact (and not accidental, but prefixed) equivalent of the advances, with interest. It is, however and none the less, true that, if for any reason Congress has not included these certificates, no tax can be imposed. The impression of this effect made by the argument at bar has been removed by what seems to us to be the sufficiently expressed will of Congress to tax them.

We have disposed of the case as if on trial hearing, with all the facts which enter into the discussion established, understanding such to be the wish of all parties; it being conceded that all these facts are in the record.

Rule for judgment discharged.