EPHRAIM LEDERER, COLLECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF THE STATE OF PENNSYLVANIA, *v.* FIDELITY TRUST COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 184. Argued January 15, 16, 1925.—Decided January 26, 1925.

1. Railroad equipment certificates issued by a trust company as security for money advanced by a syndicate to purchase equipment leased by the trust company to a railroad under contract for periodical payments, as rentals, and ultimate acquisition of title by the latter, and which are payable with interest to bearer or registered holder from the rentals thus to be paid by the railroad,— *held* subject to stamp tax, under Title XI, §1100 and schedule A (1) of the Act of February 24, 1919, c. 18, as in the category of "instruments . . . issued by any corporation . . . known generally as corporate securities." P. 20.

289 Fed. 1009, reversed.

42684°—25——2

CERTIORARI to a judgment of the Circuit Court of Appeals which reversed a judgment of the District Court in favor of the petitioner, in an action brought by the respondent to recover the amount of a stamp tax paid under protest.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for petitioner.

*Mr. H. Gordon McCough,* with whom *Mr. James McMullan* was on the brief, for respondent.

For a proper consideration of this subject it is essential that a clear understanding be had of the nature of the certificates in question.

A railroad company, needing additional rolling stock, goes to its banker, who undertakes to arrange for the building of the cars needed according to specifications furnished and the hiring of the same to the railroad company under a form of bailment, by which, on payment of all rental reserved, the railroad company is given the option to purchase the equipment for one dollar. The operation is financed by the banker arranging with a trust company to receive subscriptions for the purchase of the desired rolling stock, to contract with the car builders for the purchase of the same, and as agent for the owners to lease the equipment to the railroad company at rentals agreed upon, and to issue to the subscribers certificates evidencing their equitable ownership and certifying that out of the rentals to be received by the trustee the holders will be entitled to the amount of such certificates with dividends as stated.

It is to be observed that the certificate is not a certificate of indebtedness; that there is no debtor; that it is merely the declaration of the trustee, as agent of the holder of the certificate, that it will collect for his benefit and that of other owners the rentals expressed in the

lease and distribute the same *pro rata.* If not paid at
maturity no action of debt would lie upon such certifi-
cate.

Equipment certificates are frequently referred to by
writers on economics and finance as bonds or notes or
corporate securities. Such description is quite proper
where the certificates referred to are the direct obligation
of the railroad company lessee, but not where the certifi-
cates are in the form of those taxed in the case at bar.

The Government's argument that the form of the agree-
ment is for practical purposes immaterial is directly at
variance with the decision of this Court in *United States* v.
*Isham,* 17 Wall. 496, that the liability of an instrument
to stamp duty is determined by the form and face of the
instrument.

The words of the statute are definite, precise, gram-
matically expressed and free from ambiguity. The tax
is imposed on " all instruments (however termed) issued
by any corporation (with interest coupons or in registered
form) known generally as corporate securities."

The equipment certificate here taxed is not a certificate
of indebtedness or a corporate security. It is not the
obligation of a corporation to pay money owing by it,
nor does it evidence an indebtedness secured on the prop-
erty of a corporation. It is a mere declaration of trust
and defines the holder's ownership of the equipment leased
to the railroad company and the extent of his interest in
the moneys to be received as rental therefor. Neither
the railroad company nor the trust company is indebted,
to the certificate holders. The railroad company is
obligated to pay rental for the use of certain equipment,
and the trustee, to which such rental is paid, has to turn
over to each certificate holder his proportionate share
when and as received.

The certificate is merely the evidence of the holder's
equitable ownership of an undivided interest in the equip-
ment leased to the railroad company and the rentals pay-

able therefor. How, then, can such muniments of title be termed " corporate securities "? See *Edwards* v. *Chile Copper Co.* 273 Fed. 452. " In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used. *Gould* v. *Gould,* 245 U. S. 151; *United States* v. *Merriam,* 263 U. S. 179.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by the Fidelity Trust Company to recover $450 and interest, paid by it under protest for internal revenue stamps which the Collector, Lederer, required it to attach to railroad equipment certificates drawn in a form set forth. The parties agree that the only question is whether these certificates are subject to a stamp tax under the Act of February 24, 1919, c. 18, Title XI, § 1100, and Schedule A (1); 40 Stat. 1057, 1133, 1135. The section imposes a tax according to the schedule and the material part of the schedule is as follows: " 1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any person, and all instruments however termed, issued by any corporation with interest coupon or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents." The question more narrowly stated is whether the certificates are instruments issued &c. known generally as corporate securities. The Circuit Court of Appeals reversing the judgment of the District Court held that they were not within the schedule, that " no indebtedness is involved or obligation incurred by the trustee to the holder, but it is simply a certificate of the holder's right to proportionate participation in a rental when paid." 289 Fed. 1009, 1012. A writ of certiorari was granted by this Court.

Using a familiar device the Fidelity Trust Company agreed to furnish and let to the Interstate Railroad Com-

pany 500 specified cars and the lessee agreed to pay $90,000, being one-tenth of the cost of the cars, annually at certain dates, and three per cent. half yearly on the part then unpaid. When the whole amount should be paid the trustee agreed to sell the cars to the railroad company for one dollar. As part of the same transaction by an instrument reciting that subscriptions had been secured through certain bankers to a fund, to be known as Interstate Railroad Equipment Trust, Series " C," for the payment of the price of the railroad equipment described in the lease, and that the trustee proposed " to secure to the parties subscribing " to the fund the payment thereof in ten annual instalments with interest at six per cent., the trustee covenanted with the railroad on receipt of the money subscribed to issue to the bankers the certificates in question here. The essential features are that the bearer or registered holder is entitled to one share of $1,000 in Interstate Railroad Equipment Trust, Series " C," in accordance with the above agreement, referred to; that the principal shall be payable at the dates of the payments by the railroad, one-tenth of the certificates, identified by number, each year, and in the meantime dividends will be payable as evidenced by dividend warrants attached, principal and interest payable in gold &c.," but only from and out of the deferred rentals when paid as provided in " the lease referred to.

The petitioner asks us to look through the form of the arrangement and give it a somewhat different meaning. The respondent on the other hand says in the language of *United States* v. *Isham,* 17 Wall. 496, " whatever upon its face [the instrument] purports to be, that it is for the purpose of ascertaining the stamp duty." We are content to adopt the respondent's rule for this case, as upon any rule the result seems to us clear.

As a matter of common speech, to which the statute refers, we have no doubt that these instruments would be

known as corporate securities. They would be called so more accurately than some other documents which we believe also would be known generally by that name. Their purpose, as stated in the agreement of the trustee with the railroad, is to secure payment to the holder with interest. They do nothing else. We do not regard the precise limits of the Trust Company's undertaking as important. If it were only to collect and pay money received by the Company under the secured contract of the Railroad it would be a security for money payment. But the counsel for the Company seemed not prepared to argue that the Company could not put the money received from the Railroad into its general account without a breach of trust, and give the certificate holder cash or a check for his interest or principal. But be the undertaking greater or less, the security better or worse, we cannot regard these certificates as anything but corporate securities by general understanding and in fact.

*Judgment reversed.*