## DAUPHIN DEPOSIT TRUST CO. v. UNITED STATES.

### No. 3317.

District Court, M. D. Pennsylvania.
Jan. 5, 1935.

Douglas D. Storey and Hause, Evans, Storey & Lick, all of Harrisburg, Pa., for petitioner.

Frank J. McDonnell, U. S. Atty., and Leo G. Knoll, Asst. U. S. Atty., both of Scranton, Pa.

JOHNSON, District Judge.

This is a suit by the Dauphin Deposit Trust Company to recover $2,251.03 and interest, paid by it under protest for internal revenue stamps which the Collector required it to attach to certificates of participation drawn in a form set forth. The case was submitted to the court on a stipulation of facts.

The question is whether the certificates are taxable as corporate securities under the provisions of the Revenue Act of 1926, tit. 8, § 800 et seq., Schedule A (1), 26 USCA § 901, Schedule A (1), or, more narrowly stated, whether they are known generally as corporate securities.

Requests for findings of fact and conclusions of law are answered and filed herewith. The material facts, briefly, are as follows. The banking department of the petitioner loaned money, mostly to individuals, on the security of a single bond accompanied by a mortgage on real estate, with interest at 6 per cent. per annum. Many of petitioner's customers who desired to invest money would come to it and the latter would explain what mortgages it held. If satisfied with a specified mortgage, the customer would pay a specified sum to the trust department of the petitioner for the whole or a part thereof. The trust department would then buy the specified amount of the mortgage from the banking department and issue the certificates of participation. The mortgages and certificates were handled by the petitioner in the same manner as its fiduciary accounts. The certificates are in the following form:

"Certificate of Participation
"No. ———

——— 19———

"This is to certify, that the following described mortgage:

Mortgagor
For
Dated          Payable
Interest payable
Recorded
Property
Altho standing in the name of
Dauphin Deposit Trust Company
Harrisburg, Pa.
is not entirely the property of the Company, but that $——— of the mortgage is held by the Company in trust for ——————— and That as the interest is paid to us, we will remit 5½% on this amount from ———————.

"Dauphin Deposit Trust Company does not agree to repurchase this certificate except upon payment of the mortgage.

"Dauphin Deposit Trust Company

"By {
Trust Officer
"Vice President
"Asst. Treasurer."

"$———

The repurchase clause at the end of the certificate was not contained in the certificates issued prior to December 7, 1929, but was inserted as above in the certificates issued thereafter. Principal and interest were not guaranteed, but payment thereof was made when and as it was received from the mortgagor. The petitioner charged for its services ½ per cent. per annum on the principal, payable when and as interest was collected.

The act under which the tax was collected is as follows: "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each of $100 of face value or fraction thereof, 5 cents. * * *" 26 USCA § 901, Schedule A (1).

An analogous situation to the case at bar was before the United States Supreme Court in Lederer v. Fidelity Trust Co., 267 U. S. 17, 45 S. Ct. 206, 207, 69 L. Ed. 494. There the Fidelity Trust Company agreed to furnish and let to the Interstate Railroad Company certain railroad equipment and the lessee agreed to make such rental payments as would amortize the entire cost of the equipment at the end of a designated period, plus interest on the unpaid portion. The trust company thereupon issued certificates providing for the periodical payment by the trust company out of rentals, under the lease of certain interest plus a portion of the principal. The essential features of this trust were that the bearer or registered holder of a certificate was entitled to one share in an equipment trust in accordance with the agreement and that the trust company held the lease and title to the railroad equipment in trust for the holders of these equipment trust certificates. Mr. Justices Holmes held that these certificates were generally known as corporate securities, and, in the opinion of the court, said: "As a matter of common speech, to which the statute refers, we have no doubt that these instruments would be known as corporate securities. They would be called so more accurately than some other documents which we believe also would be known generally by that name. Their purpose, as stated in the agreement of the trustee with the railroad, is to secure payment to the holder with interest. They do nothing else. We do not regard the precise limits of the Trust Company's undertaking as important. If it were only to collect and pay money received by the Company under the secured contract of the Railroad it would be a security for money payment. But the counsel for the Company seemed not prepared to argue that the Company could not put the money received from the Railroad into its general account without a breach of trust, and give the certificate holder cash or a check for his interest or principal. But be the undertaking greater or less, the security better or worse, we cannot regard these certificates as anything but corporate securities by general understanding and in fact."

It is a question of fact whether a corporate instrument comes within the above quoted act. In Fidelity Investment Ass'n v. United States (Ct. Cl.) 5 F. Supp. 19, 22, Judge Whaley, in a well-considered opinion, said: "The act plainly makes the nature and character of the corporate instrument a question of fact. This fact can be established in two ways. If the instrument is plainly and patently on its face a secured corporate indebtedness, oral evidence would be superfluous, but where the instrument is doubtful in its characteristics and appearance, then oral evidence of its true nature given by those who are familiar with such papers, and who buy and sell corporate securities, is necessary to determine its actual character."

The certificate in question is plainly on its face a secured corporate instrument so oral evidence of its nature is unnecessary.

Upon due consideration, judgment is directed to be entered in favor of defendant.