**CITY BOND & FINANCE CO., Limited, v. WELCH, Collector of Internal Revenue.**

No. 7754.

Circuit Court of Appeals, Ninth Circuit.

Nov. 12, 1935.

Ivan G. McDaniel and John Dales, Jr., both of Los Angeles, Cal., for appellant.

Frank J. Wideman, Asst. U. S. Atty. Gen., and Sewall Key, J. Louis Monarch, and Louise Foster, Sp. Assts. to Atty. Gen. (Peirson M. Hall, U. S. Atty., Alva C. Baird and E. H. Mitchell, Sp. Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In an action brought by appellant to recover $5,700 for documentary stamp tax paid under protest, judgment was rendered in favor of appellee, from which judgment plaintiff below appealed.

The findings set forth that between November 1, 1926, and January 1, 1930, plaintiff issued a large number of instruments designated "Purchase Agreements" to investors. A form of this agreement was set forth in the findings, from which it appeared, among other things, that the agreement, when executed, acknowledged receipt of a payment, and constituted a contract, on behalf of the investor to buy, and on behalf of the appellant to sell, certain securities therein enumerated. There were other provisions in this agreement, from which it is seen that the transaction was comparable to the purchase of securities on margin. Although it does not appear from the record that this agreement was taxed, it was conceded by both parties at the argument that the necessary documentary stamps were affixed.

After this agreement was entered into, plaintiff then issued a document designated as a certificate as follows:

"No. 10758.
"City Bond & Finance Company
"1121 Bank of America Bldg.
"650 South Spring Street
"Los Angeles, California
"Trinity 3801
"Certificate
"This is to certify that City Bond & Finance Company has this ...... day of ...... 19.., agreed to sell and deliver to ...... the following named securities: ...... Shares of ...... Stock $... per Share, Total $... upon which $... has been paid, leaving a balance, including Investment Counsel Fee of $... of the Investment Savings Plan, in conformity with terms and conditions contained in agreement hereto-executed, which calls for completion of payment of said balance for the above mentioned securities in ten installments of $.... Each installment, together with interest from the above date on deferred payments at 7%, to come due every ...... days from above date.

"It is further agreed, that ...... may at his option complete payment at an earlier date.

"City Bond & Finance Company
    "By .........
            "Vice-President-Secretary
"This Certificate to be surrendered upon delivery of securities mentioned or cancellation of contract.
"[Stub]
            "No. 10758
                        "Date ......
"Issued to ...... ...... Shares of ...... ...... stock at $... per share
    "Total                           $..........
    "Payment                         $..........
    "Balance                         $..........
    "Investment Counsel Fee          $..........
    "Total Due                       $..........
    "Due 30 60-90 days
    "Payments
    ..................@   $..........
    ..................@   $..........
"Form 101-3000-1-29"

These certificates had the physical characteristics of corporate securities, being printed on heavy paper with an engraved border and were all numbered consecutively as issued.

The imposition of the stamp tax by defendant was on the authority of the Revenue Act of 1926, c. 27, 44 Stat. 9, 99, the material parts of which are as follows:

"There shall be * * * paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A. of this title [sections 901 to 906, inclusive], or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, * * * by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in such schedule [sections]" (section 800, 26 USCA §§ 900, 908 (a).

"On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities on each $100 of face value or fraction thereof, 5 cents." (See 26 USCA § 901 and § 900 note.)

The validity of the tax paid on the "Purchase Agreements" is not at issue here, and the sole question for determination is: Were these certificates "instruments * * * known generally as corporate securities"? As a conclusion of law, the trial court found that the certificates were corporate securities, and were therefore, properly taxed.

The courts have not attempted to define what is known generally as a "corporate security." Indeed, a general definition is difficult, and the facts in each case must be considered for themselves in the determination of the question. There are some expressions of the courts, however, which are material in the consideration of the question. In Lederer v. Fidelity Trust Co., 267 U. S. 17, 45 S. Ct. 206, 207, 69 L. Ed. 494, it is said: "The respondent on the other hand says in the language of United States v. Isham, 17 Wall. 496, 21 L. Ed. 728, 'whatever upon its face (the instrument) purports to be, that it is for the purpose of ascertaining the stamp duty.' We are content to adopt the respondent's rule for this case." In Wilkinson v. Mutual Bldg. & Sav. Ass'n (C. C. A. 7) 13 F.(2d) 997, 999, it is said: "We have not known of a corporate security that has not (1) negotiability; (2) a fixed or ascertainable time of full payment; and (3) a fixed sum to be repaid." And in Mortgage Guarantee Co. v. Welch (C. C. A.) 38 F.(2d) 184, 186, a number of definitions are set forth in the opinion by Judge Wilbur of this court.

The statute purports to subject to the imposition of a stamp tax "all bonds, debentures, * * * certificates of indebtedness * * * and all instruments * * * known generally as corporate securities." The mere fact that such documents may be "in registered form," whatever that may mean, does not, we think, aid in determining whether or not the document is such as the statutes require to be stamped.

The certificates involved herein do not have any semblance of a security, other than the fact that they are engraved, and may have the appearance, at a glance, of a stock certificate. However, the certificates, on their face, disclose a recital that the parties had theretofore entered

into an agreement concerning the sale of securities which were to be paid for on the terms mentioned. The terms of payment are again merely a recital of the terms of the agreement as shown by the "Purchase Agreement." The sole purpose of these instruments, in addition to serving as a receipt for money paid, seems to be a partial recital of the agreement. On the stub there is a designated space for keeping an account of the payments made. The document is neither an agreement to sell securities, evidence of the indebtedness of a corporation, nor evidence of an ownership by the investor in corporate or other property. The only thing which is of importance is that the certificates are a combination of receipt and accounts and not "instruments * * * known generally as corporate securities."

Reversed.