736

## HAMILTON NAT. BANK OF CHAT-TANOOGA, TENN., v. UNITED STATES.

### No. 2026.

District Court, Tennessee.
April 13, 1936.

Cantrell, Meacham & Moon, of Chattanooga, Tenn., for plaintiff.

James B. Frazier, Jr., U. S. Atty., of Knoxville, Tenn., for defendant.

TAYLOR, District Judge.

The sole question presented for decision is whether certain papers issued by plaintiff and designated "participating certificate" with interest coupons attached were corporate securities within the provisions of section 800 and Schedule A(1), title 8, of the Revenue Act of 1926, as amended by section 721 (a) of the Revenue Act of 1932 (26 U.S.C.A. § 901 and § 900 note).

If the papers so issued were such securities within the meaning of the act, the tax already paid thereon under protest was properly collected, and the suit should be dismissed. If, on the other hand, the papers were not such securities within the meaning of the act, plaintiff is entitled to recover the amount heretofore paid under protest, together with interest thereon. ·

The plaintiff is a national bank, and its stockholders own the capital stock of the Hamilton Securities Corporation, a Tennessee corporation, whose stock was issued to and held by trustees for the benefit of the stockholders of the plaintiff. The Hamilton National Bank was engaged in the ordinary banking business. The Hamilton Securities Corporation had a capital stock of $500,000 and was engaged in lending money on mortgages in the usual form or in a few instances, perhaps, on corporate securities.

The plan was for the plaintiff, upon application of some investor, to accept the investor's money and credit it to the so-called agency account kept in the bank, and by drawing upon the agency account acquire, ordinarily from the Hamilton Securities Corporation, or from its own assets or from another source a mortgage which would then become a part of the mortgage pool back of outstanding participating certificates. Ordinarily, contemporaneously, the investor would receive a participating certificate in the following form:

"United States of America

"State of Tennessee

"No. ——                    1,000.00

"Participating Certificate.

"Hamilton National Bank of Chattanooga, Agent

"Chattanooga, Tennessee.

"Date of Maturity

"The Hamilton National Bank of Chattanooga hereby certifies that it has sold to —— an interest of the par value of One Thousand Dollars in certain notes and/or bonds secured by first mortgage on real estate, bearing interest at not less than six per cent per annum and due and payable not more than three years after date hereof, which said notes and/or bonds have been, and other similar notes and/or bonds secured in like manner will hereafter be set aside in the same manner from the assets of the said Hamilton National Bank of Chattanooga in a special file, separate and

apart from the assets of the said Hamilton National Bank of Chattanooga, and have been and will be labelled 'Property of Holders of Participating Certificates', the face value of which said notes and/or bonds so set aside shall and will at all times be equal to the face value of all the outstanding participating certificates evidencing ownership therein. This participating certificate is the evidence of ownership of a proportionate interest in said notes and/or bonds so set aside, which its par value bears to the par value of the notes and/or bonds so set aside.

"The said Hamilton National Bank of Chattanooga, Agent for the holder of this and similar participating certificates, may purchase any of said notes and/or bonds so set aside for the consideration of other notes and/or bonds for the same amount, with like security, substituting the same therefor, or by the purchase and cancellation of outstanding participating certificates evidencing ownership therein for the same amount.

"The said Hamilton National Bank of Chattanooga will retain possession of said notes and/or bonds as the agents for the holders of this and other outstanding participating certificates evidencing ownership therein, and as such agent, will attend to the collection of the interest thereon and semi-annually, upon presentation of the proper coupon hereto attached, pay to the holder thereof his pro rata share of the interest collected on said notes and/or bonds and, at the maturity of this participating certificate, will account to the holder hereof for the value of this participating certificate's pro rata interest of the principal of said notes and/or bonds.

"In witness whereof the Hamilton National Bank of Chattanooga, as Agent, has caused its name to be signed hereto and its seal to be affixed by its authorized officer on the ——— day of ———, 19——.

    "Hamilton National Bank of Chattanooga, Agent.
      "By ————
         "Vice President
         "Cashier."

On the back thereof appears the following:

"Participating Certificate. Date ———. Issued against First Mortgage Real Estate Notes or Bonds. $1,000. Interest payable ———. Held as agent by the Hamilton National Bank of Chattanooga. Chatta-nooga, Tenn. Registered under the name of ———.

"Transfer not recognized by bank until registered.

"For value received ——— hereby assign and transfer to ——— all my right, title and interest in and to the within certificate and authorize the transfer to be made on the books of the Hamilton National Bank of Chattanooga, Agent.

"Witness my hand this the ——— day of ——— 19——.
"Witness:
"————

"This is to certify that the above transfer has been registered on the books of this bank.

    "Hamilton National Bank of Chattanooga, Agent
      "By ————
         "Vice President    Cashier."

There was attached a series of coupons, reading as follows:

"No. ———    Coupon.    $30.00

"On the ——— day of ———, 19——, at the Hamilton National Bank of Chattanooga, at Chattanooga, Tennessee, the holder hereof, upon the surrender of this coupon, will be entitled to receive from the Hamilton National Bank of Chattanooga, Agent, the sum of Thirty Dollars, or the pro rata part thereof from the interest collected on certain first mortgage real estate notes and/or bonds set apart and labelled 'Property of holders of Participating Certificates —not assets of the Hamilton National Bank of Chattanooga'—held by the Hamilton National Bank of Chattanooga as agent for the equal benefit of the holders of certificates issued and outstanding evidencing ownership therein.

    "Hamilton National Bank of Chattanooga, Agent.
      "————, Vice President.
"No. ———"

The Hamilton Securities Corporation had its offices in the banking house of the plaintiff, and, according to the evidence, ordinarily looked after the collection of interest and principal upon maturity of a mortgage note belonging to the pool. When interest was so paid or when the principal was so paid, it would be credited to the agency account. Against the agency account would be drawn a check to acquire securities in a like amount to replace the

738

matured security paid off. When some security in the pool became delinquent in interest or principal, it was ordinarily repurchased by the Hamilton Securities Corporation at par and accrued interest, and by that corporation collected by foreclosure.

The profit on these transactions was made, when there was a profit, by the Hamilton Securities Corporation, and no profit in any form was made by the plaintiff as a corporation. In other words, no profit made by the Hamilton Securities Corporation ever became an asset of the plaintiff. The profit, of course, did inure to the beneficial owners of the Securities Corporation's stock, who were, as has been stated, also stockholders of the Hamilton National Bank.

Each participating certificate had in the upper right-hand corner the amount of interest, and in the upper left-hand corner the word "Coupon" and the coupon series number.

An examination of the so-called participating certificate shows that its form undertakes to limit the liability of the plaintiff to that of an agent for the collection of the interest and the payment of such as may be collected to the various certificate holders pro rata.

The last paragraph of the certificate contains the following: "The said Hamilton National Bank will * * * pay to the holder thereof his pro rata shares of the interest collected on said notes and/or bonds and, at the maturity of this participating certificate, will account to the holder hereof for the value of this participating certificate's pro rata interest of the principal of said notes and/or bonds."

The plaintiff's contention, briefly stated, is that it is acting in all respects solely as the agent of the holders of the certificates, and that the certificates, therefore, are in no sense corporate securities, and, furthermore, that it is not liable under the provision of the statute and the schedule thereof upon the defendant's theory that the participating certificates are "known generally as corporate securities" and in support of that contention has introduced oral testimony, over the objection of the defendant, supporting its contention that in Chattanooga, those familiar with the plan involved do not regard the certificates as corporate securities, and to the effect that they are not listed upon any exchange where corporate securities are bought and sold.

The court is inclined to agree with the contention of the plaintiff that it is essential to tax liability that the corporation in some sense be responsible for the discharge of the primary obligation, and that the statutory provision construed by the defendant as bringing into the tax circle any form of paper writing "known generally as corporate securities" has application to only such paper writings as belong to the category of those specifically named; that is paper writings which, upon their face, show a liability against the corporation issuing or negotiating them, or at least there must be some corporate liability or security back of the paper writing to bring it within the application of the statute.

The cases relied upon by the defendant are Boise Title & Trust Co. v. Evans (D. C.) 295 F. 223; Dauphin Deposit Trust Co. v. United States (D.C.) 9 F.Supp. 257 [this case was reversed in (C.C.A.) 80 F. (2d) 893]; Fidelity Trust Co. v. Lederer (D.C.) 276 F. 51, affirmed 267 U.S. 17, 45 S.Ct. 206, 69 L.Ed. 494; Granby Mercantile Co. v. Webster (C.C.) 98 F. 604; Home Title Ins. Co. of New York v. Keith (D.C.) 230 F. 905; Lawyers' Mortgage Co. v. Anderson (C.C.A.) 67 F.(2d) 889; Mortgage Guarantee Co. v. Welch (C.C.A.) 38 F.(2d) 184, certiorari denied 281 U.S. 759, 50 S.Ct. 410, 74 L.Ed. 1168; Willcuts v. Investors' Syndicate (C.C.A.) 57 F.(2d) 811, certiorari denied 287 U.S. 618, 53 S. Ct. 18, 77 L.Ed. 537.

The plaintiff relies upon the same cases, distinguishing them and contending that the principle therein stated, as to each, is not broad enough to include the paper writing involved in this case under its plan of issue. Plaintiff also cites authorities defining bonds, debentures, and securities, contending that the participating certificate here involved is neither and is not and could not under proper construction be subject to the tax as being "known generally as a corporate security." Webster's New International Dictionary (1913); 9 C.J. 7; 17 C. J. 1369; 11 C.J. 76; 56 C.J. 1278 and 1279.

The court agrees with the principle contended for by the plaintiff, but is unable to construe the participating certificate so as to excuse the plaintiff from liability to the holder thereof at maturity for the value thereof based pro rata upon the value of the notes and bonds constituting the then pool. True enough, this is a limited liability, not obligating the plaintiff to account

for the par value of the certificate, but it is none the less a liability, greater than the naked surrender to the participating holders of the bonds and/or notes securing them. It obligates the plaintiff to pay to the participating certificate holders their pro rata interest in value of the pool based upon the then value of the pool. This obligation is more than trusteeship or agency.

Paper writings coming within the definitions of the statute are taxable regardless of whether they are or are not known generally as corporate securities. Bearing in mind the narrow construction applicable when such statutes are involved, yet I am of opinion, under the authorities herein referred to, that these certificates are subject to the tax.

Entertaining that view, an order may be prepared for approval and entry under the rules dismissing the suit.

If either party feels that the findings of fact and conclusions of law expressed herein are not sufficient, for any reason, the court will be pleased, upon application of either party, to act further on any request for such findings and conclusions.