**UNITED STATES v. AMERICAN TRUST & BANKING CO.**

No. 8712.

Circuit Court of Appeals, Sixth Circuit.

Jan. 13, 1942.

Samuel H. Levy, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and J. Leonard Lyons, Sp. Assts. to Atty. Gen., and J. B. Frazier, Jr., of Chattanooga, Tenn., on the brief), for appellant.

Vaughn Miller, of Chattanooga, Tenn. (Miller, Miller & Martin, of Chattanooga, Tenn., on the brief), for appellee.

Before SIMONS, MARTIN, and Mc-ALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The question for determination in this case is whether an instrument, issued by appellee and designated a "Certificate of Participation," is subject to the Stamp Tax imposed in Schedule A–1, Title VIII, § 800 et seq., of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, pages 284 et seq., 288. The certificate is in the following form:

"Certificate of Participation

"American Trust and Banking Company of Chattanooga, Tenn., having heretofore established in the hands of its Trust Officer a Trust Fund of ...... Dollars ($......) known as Trust No. ...... invested and to be kept invested in notes or bonds secured by a lien on real estate and bearing interest at the rate of six per cent (6%) per annum, does hereby assign to: ...... participation in said fund in the capital sum of: ...... Dollars ($......) and in a proportion share of the net earnings of said fund, not to exceed six per cent (6%) per annum.

"American Trust and Banking Company, undertakes that said ...... or the registered holder of this certificate, shall receive the ratable part of the earnings of said fund which the certificate represents on the 1st day of January and on the first day of July of each year while the certificate is outstanding; but does not guarantee the payment of interest or principal of the notes or bonds.

"The participation of the registered owners of this certificate in said fund shall cease and determine on the ...... day of ......, 19.., and upon the surrender of this certificate upon said date, such holder shall have allotted to him by said Trust Officer the ratable part of said fund and its earnings which this certificate represents; which allotment may be made in a real estate note or notes; or in cash; or

in such notes and cash, as said Trust Officer shall determine.

"The said ...... may, at any time, assign h.. beneficial interest under this certificate, but such assignment shall not be binding upon the Company until it shall have been registered upon its books.

"In testimony of which assignment of participation, American Trust and Banking Company has caused its corporate signature and seal to be hereunto affixed by its duly authorized officers at Chattanooga, this ........ day of ........, 19.....

"American Trust and Banking Company,
"By ............"

The reverse of the certificate is as. follows:

·"Ctf. No. ........
"Certificate of Participation
in
"Trust Fund No. ........
in hands of
"American Trust and Banking Company
"Chattanooga, Tenn.
"Trustee
"Amounting $........
"Maturing ........"

The pertinent portion of the statute provides as follows:

"Title VIII.—Stamp Taxes

"Sec. 800. On and after the expiration of thirty days after the enactment of this Act there shall be levied, collected, and paid, for and in respect of the several bonds, debentures, or certificates of stock and of indebtedness, and other documents, instruments, matters, and things mentioned and described in Schedule A of this title, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, by any person who makes, signs, issues, sells, removes, consigns, or ships the same, or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped, the several taxes specified in such schedule. The taxes imposed by this section shall, in the case of any article upon which a corresponding stamp tax is now imposed by law, be in lieu of such tax. * * *

"Schedule A.—Stamp Taxes

"1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 5 cents: *Provided,* That every renewal of the foregoing shall be taxed as a new issue: *Provided further,* That when a bond conditioned for the repayment or payment of money is given in a penal sum greater than the debt secured, the tax shall be based upon the amount. secured." ·

The District Court held that the bank was entitled to a judgment for an amount assessed and collected, under the above provisions of the Act, on the ground that the certificates in question would not be generally regarded as corporate securities and, therefore, were not subject to the stamp tax.

Appellee bank is located in Chattanooga, Tennessee, and, in the course of its business, made loans to borrowers, which were secured by real estate mortgages. When such a loan was made, it was negotiated and closed by the bank in its Real Estate Loan Department, and the mortgage note was, for convenience, made payable to the Administration and Trust Company, a Tennessee corporation, whose president and treasurer were the president and trust officer of the bank. The office of the trust company was located in the bank; and the bank advanced the money for such mortgage loans. The mortgage notes were immediately endorsed by the trust company to the bank, without recourse. At no time did the trust company have any interest in the transaction, and at no time did it become the owner of the notes. The only service it performed was to endorse the notes to the bank.

The Certificates of Participation were issued in the following manner: The bank would place in its trust department a certain sum of money. This fund would then be re-transferred to the bank for mortgage notes, which the bank had received from persons who had borrowed money. Participation certificates would then be issued by the trust company in denominations of multiples of a $100. Investors would then be sold these certificates of participation in the mortgage notes. In effect, the bank advanced its money to mortgagors on their notes and mortgages, and then got its money back by selling the mortgage notes to the investing public. The certificates contained no guarantee of payment by the bank or the trust company, either as to interest or principal;

but the participation of the registered owners of the certificates terminated on a fixed date, when, upon the surrender of the certificate, the investor would have allotted to him by the trust company, the ratable part of the fund and its earnings. The trust company reserved the right to make such allotment in real estate notes or in cash, or in such notes and cash as the trust company should determine.

We are of the opinion that these certificates of participation are subject to the tax for the reason that such instruments would generally be known as corporate securities. A corporate security is a means adopted by a corporation to secure funds which it can employ in its business. Willcuts v. Investors' Syndicate, 8 Cir., 57 F.2d 811. "Security" is defined as "an evidence of debt or of property, as a bond, stock certificate, or other instrument, etc." Webster's New International Dictionary. The word is used widely as a synonym for "investment." In re Scorer, 94 L.J.Ch. 196. In the case of In re Waldstein, 160 Misc. 763, 291 N.Y.S. 697, 700, in defining the term "security," the court said: "The term 'security' has no exactly defined legal definition. Generically, the word has reference to written instruments, usually for the payment of money or evidences of a debt, and being more than a mere promise of the debtor of a general liability on his part, but having as collateral to it a pledge of property or some additional obligation. * * * Those instruments, however, secured or unsecured, which are used for the purpose of financing enterprizes and promoting a distribution of rights in or obligations of such enterprizes, and which are designed as a means of investment, are termed securities."

The provisions of the Act are expressed in broad terms, including taxation of certificates of indebtedness, stock certificates, and all instruments issued by corporations, generally known as corporate securities—provided they have interest coupons or are in registered form. The certificates in question are evidences of property, and are investments, in registered form. As such, they must be held to be instruments "known generally as corporate securities," and subject to the stamp tax.

The judgment of the District Court is reversed and the cause remanded with instructions to enter judgment for the defendant, the appellant herein.