**ROYAL LOAN CO. et al. v. UNITED STATES.**

No. 13233.

Circuit Court of Appeals, Eighth Circuit.

April 9, 1946.

Ben L. Shifrin, of St. Louis, Mo. (Taylor, Mayer, Shifrin & Willer, of St. Louis, Mo., on the brief), for appellants.

Louise Foster, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., Robert N. Anderson, Sp. Asst. to Atty. Gen., and Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Russell Vandivort, Asst. U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an action by the United States against the defendants to recover documentary stamp taxes alleged to be due the government for the issuance and transfer of registered promissory notes in 1940. Judgment was entered for the plaintiff and the defendants appeal.

The facts in detail are related in the opinion of the district court reported in United States v. Royal Loan Co. et al., D.C., 61 F.Supp. 436. In brief, the Royal Loan Company is the parent corporation and the other defendants are its wholly owned subsidiaries. On January 16, 1940, the parent company had outstanding its promissory notes aggregating $987,750. These notes were held by 28 persons consisting of stockholders of the company, members of their families, and their friends. Prior to that date the Company had made application to the Mississippi Valley Trust Company for a line of credit in the amount of $300,000. The Trust Company agreed to extend the requested line of credit on condition that all the creditors would turn in their notes and accept in lieu thereof notes subordinated to the liability of the Loan Company to any bank or trust company from which the Loan Company should borrow money, and provided that the new notes when issued would be registered with the Mississippi Valley Trust Company.

The conditions were agreed to and contracts, in which the subsidiaries of the Loan Company joined, were executed providing for the form of the new notes. The contracts also provided for the numbering, registering and transfer of the new notes, and that all notes issued by the parent company and its subsidiaries in the future, whether in lieu of the old notes or for new loans, should be on the form provided and subject to the terms of the agreements.

Between January 15 and December 31, 1940, the defendants issued 134 notes, in accordance with the conditions agreed upon, to various persons and in various amounts. None of the notes were secured but were based upon the credit of the maker. The notes so issued aggregated the sum of $1,963,260. During the year $28,500 of these notes were transferred by the holders in the manner required by the contracts.

The unregistered notes of the Company outstanding prior to January 16, 1940, were not taxable. This suit was brought under § 1801 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1801, to recover documentary stamp taxes upon the registered notes, and on account of the transfers under § 3481 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3481.

Section 1801 imposes a documentary stamp tax "On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, * * *."

Section 3481 imposes a tax upon all "* * * transfers of legal title to any of the instruments mentioned or described in section 1801 and of a kind the issue of which is taxable thereunder, * * *."

The only question which can be raised is whether the notes issued after January 16, 1940, are taxable under § 1801, for, if they are, the transfers of the same notes are taxable under § 3481.

The defendants insist that the notes in question are not subject to the stamp tax under the statute because (1) they are not "known generally as corporate securities" and (2) they are not in "registered form" within the meaning of the Act.

■ The facts with reference to the history, form, issue and use of the instru-

ments in question here were all stipulated. Defendants introduced two dealers in securities who testified that they personally do not regard notes issued by a corporation as "corporate securities." Neither of them had ever seen any of the notes involved in this case. Both thought of bonds, debentures and stocks only as corporate securities. Since the facts in this case are not in dispute the question is one of law. The defendants cite the case of Bellefield Co. v. Heiner, 3 Cir., 25 F.2d 560, as authority for the contention that notes are not corporate securities within the meaning of the statute. The notes involved in that case were held not taxable, not because they were not corporate securities, but because they were neither in registered form nor had coupons attached.

█ The question of what is "known generally as corporate securities" within the meaning of the statute has been determined by this and other courts numerous times. The term "corporate security" is not a technical term within the provision of the Act under consideration, and it must be construed in accordance with its ordinary significance. Willcuts v. Investors' Syndicate, 8 Cir., 57 F.2d 811. The Act imposing the stamp tax is a revenue measure and is not to be restricted by technical refinements in construction. Raybestos-Manhattan, Inc., v. United States, 296 U.S. 60, 56 S.Ct. 63, 80 L.Ed. 44, 102 A.L.R. 111; Central States Life Ins. Co. v. Sheehan, 8 Cir., 117 F.2d 46, 47; Pennsylvania Co. for Insurances, etc. v. Rothensies, 3 Cir., 146 F.2d 148. Expert testimony as to how such notes are regarded by those engaged in the purchase and sale of securities is entirely superfluous. Motter v. Bankers Mortgage Co. of Topeka, Kan., 10 Cir., 93 F.2d 778, 780.

█ A security is an evidence of debt or of property, and a corporate security is a means used by a corporation to secure funds which it can employ in its business. "However termed", whether called stock, bonds, debentures, certificates of indebtedness, notes or what not, when issued by a corporation to obtain funds or property for use in its business, such instruments are "known generally as corporate securities" within the meaning of the statute. Lederer v. Fidelity Trust Co., 267 U.S. 17, 45 S.Ct. 206, 69 L.Ed. 494; Willcuts v. Investors' Syndicate, supra; Lawyers' Mortgage Co. v. Anderson, 2 Cir., 67 F.2d 889; Motter v. Bankers Mortgage Co. of Topeka, Kan.,

supra; Hamilton Nat. Bank v. United States, 6 Cir., 99 F.2d 570; Central States Life Ins. Co. v. Sheehan, supra; United States v. American Trust & Banking Co., 6 Cir., 125 F.2d 113; Pennsylvania Co. for Insurances, etc., v. Rothensies, supra. The notes here in question meet all the requirements of instruments known generally as corporate securities, and they are taxable under the Act provided they are in registered form within the meaning of § 1801.

The defendants do not contend that the notes under consideration are not prima facie in registered form. Any such claim would be without foundation. The notes are all in the same form and each one contains the provision that "This note shall not become or be valid for any purpose until registered by the Mississippi Valley Trust Company, and no transfer hereof shall be valid unless endorsed by the registered holder hereof to a registered transferee, and a new note issued containing the same terms as the within note, and the new note registered by the said Mississippi Valley Trust Company."

And each note is endorsed with a "Registrar's Certificate" reading

"This is to certify that this note has been duly registered in the name of the above holder on the records of the undersigned.

"Mississippi Valley Trust Company,

"By ———

"Trust Officer."

The contention is that the purpose of registration in this instance is unusual; that the notes are registered to protect the creditor banks and trust companies against violation of the subordination clause required by the contracts to be included in the notes. The clause referred to provides that the notes and all claims of the holders thereof "against the Royal Loan Company either as an endorser or guarantor is hereby subordinated to the claim of any Bank or Trust Company that may have extended or may hereafter extend credit to the Royal Loan Company. * * *"

█ Conceding, as defendants must, that the notes are in registered form, their contention, based upon the purpose of the registration, fails because the statute makes no exception for any reason. Corporate securities "with interest coupons or in registered form" are taxable according to the plain terms of the law, and the court is without power to read into the statute a provision which does not exist.

The judgment is affirmed.