## FIDELITY TRUST CO. v. LEDERER, Collector of Internal Revenue.

(Circuit Court of Appeals, Third Circuit. July 5, 1923.)

### No. 2960.

Internal revenue ☜19(1)—Car equipment trust certificates are not taxable as "certificates of indebtedness" issued by trustee.

Car equipment trust certificates, issued by a trust company under the Philadelphia plan, under which railroad cars were purchased and leased to a railroad, and which certificates provided for the payment by the trustee to the holder of a stipulated sum only out of the rentals under the car lease, were not "certificates of indebtedness" of the trustee, within Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6318p), imposing a stamp tax on such certificates.

[Ed. Note.—For other definitions, see Words and Phrases, Certificate of Indebtedness.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by the Fidelity Trust Company against Ephraim Lederer, Collector of Internal Revenue, to recover tax paid under protest. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

See, also, 276 Fed. 51.

H. Gordon McCouch and James McMullan, both of Philadelphia, Pa., for plaintiff in error.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and J. Paul McElree, Asst. U. S. Atty., of Westchester, Pa. (Nelson T. Hartson and Chester A. Gwinn, both of Washington, D. C., of counsel), for defendant in error.

Before BUFFINGTON and DAVIS, Circuit Judges, and Mc-KEEHAN, District Judge.

BUFFINGTON, Circuit Judge. This case concerns the assessment of a stamp tax on car equipment trust certificates issued under what is known as the Philadelphia plan. The government assessed and collected such tax, basing its right so to do on the provision of the Revenue Act of 1918, quoted in the margin.[1] The plaintiff, having paid the tax under protest, brought suit against the collector to recover the same back; but the court held it had been properly assessed, and entered judgment for the defendant. Thereupon the plaintiff sued out this writ, and the question involved is whether the equipment trust certificates here concerned fall within the purview of the statute as being "certificates of indebtedness * * * issued by any corporation with interest coupons * * * known generally as corporate securities."

Turning to that question, we note that the certificate issued by the plaintiff, a copy of which is printed in the margin,[2] does not evidence,

---

[1] "1. Bonds of Indebtedness: On all bonds, debentures or certificates of indebtedness issued by any person, and all instruments, however termed, issued by any corporation with interest coupons or in registered form known generally as corporate securities, on each one hundred dollars of face value or fraction thereof five cents: Provided, that every renewal of the foregoing shall be taxed as a new issue: Provided further, that when a bond conditioned for the repayment or payment of money is given in a penal sum greater than the debt secured, the tax shall be based upon the amount secured." Comp. St. Ann. Supp. 1919, § 6318p.

[2] "Total Issue, $900,000.
"Interstate Railroad Equipment Trust.
"No.                        "Series C                        $1,000.
"900 Shares of $1,000 Each.
"Fidelity Trust Company (hereinafter termed the trustee) hereby certifies that the bearer hereof is entitled to one (1) share of one thousand dollars ($1,000.) in Interstate Railroad Equipment Trust, Series C, in accordance with the provisions of a certain agreement bearing date the second day of February, 1920, between the trustee, as party of the first part, and Interstate Railroad Company, as party of the second part.
"The principal of this certificate will be payable on the first day of February 19—, upon the surrender hereof at the office of the trustee, and in the meantime dividends thereon will be payable as evidenced by the dividend warrants attached hereto, but this certificate is subject to call at any interest period on payment of principal and of a premium of one per cent. (1%) of the principal thereof. Both principal and dividends are payable in gold coin of the United States of the present standard of weight and fineness, at the office of the trustee in the city of Philadelphia, but only from and out of the deferred rentals when paid as provided for in a lease of five hundred steel coal cars made by Fidelity Trust Company, trustee, to Interstate Railroad Company, bearing date the second day of February, 1920,

or certify to, any indebtedness owing by the plaintiff to the bearer, nor is it the coupon contract usually accompanying corporate securities, to pay periodic interest indebtedness. On the contrary, it is simply a certificate of the right of its holder to participate in a rental payable under a certain lease which lease restricts the right of the certificate holder to payment solely—

"from and out of the deferred rentals when paid as provided for in a lease of 500 steel cars made by Fidelity Trust Company, trustee, to Interstate Railroad Company, bearing date the 2d day of February, 1920, which rentals are payable to the trustee for the benefit of the holders of this and other certificates amounting at par to $900,000, to which lease and the agreement hereinbefore mentioned reference is made for a statement of the rights of the holders of such certificates."

These certificates are issued under what is known as the Philadelphia plan, which was devised many years ago to provide for such a legal bailment of railroad equipment as would allow railroads to hold possession and use property owned by third parties. The legal method of financing such transactions was subscription to a fund (in this case, $900,000) which was handled by a trustee company and used to buy railroad equipment (in this case, 500 steel cars), which

which rentals are payable to the trustee for the benefit of the holders of this and other certificates amounting at par to nine hundred thousand dollars ($900,000), to which lease, and the agreement hereinbefore mentioned reference is made for a statement of the rights of the holders of such certificates.

"The additional advance rental of two hundred thousand dollars ($200,000) provided by article first, section 3 of said lease, when collected by the trustee, shall be used by it in part payment for said rolling stock, and settlement of expenses incurred in the creation of the Equipment Trust aforesaid.

"The holder of this certificate may have the same registered on the books of the trustee, when registration shall be noted on the back hereof, and thereafter the principal shall be transferred only upon the said books by the registered holder, or his duly authorized representative, unless the same shall have been transferred to bearer, in which case the principal shall be payable to the bearer hereof, the dividend warrants being always payable to bearer.

"Witness the corporate seal of the trustee, attested at Philadelphia, Penna., this second day of February, 1920.       Fidelity Trust Company, Trustee,

"By ——————, President.

"Attest: ——————, Secretary.

"(There shall be indorsed on each certificate, over the signature of the secretary of the Virginia Coal & Iron Company and its corporate seal, the following:)

"I hereby certify that the Virginia Coal & Iron Company has become surety to the Fidelity Trust Company, trustee, for the payment, when due, by the Interstate Railroad Company of the rentals reserved under the said lease made by said trustee to said railroad company, dated February 2, 1920.

"Attest: ——————, Secretary of the Virginia Coal & Iron Company. [Seal.]

"(Each of said certificates shall have dividend warrants thereto attached, in general form as follows, to wit:)

"Due to the bearer hereof on the 1st day of ——————, 19—, on surrender hereof at the office of Fidelity Trust Company, Philadelphia, the sum of thirty $00/100$ dollars ($30.00) in United States gold coin, being the semiannual dividend on certificate No. —— of Interstate Railroad Equipment Trust, series "C," payable only out of the rentals under the lease referred to in the said certificates.       Fidelity Trust Company,

"By ——————, Treasurer."

were then leased to a railroad (in this case, the Interstate Railroad Company) at an annual rental, the cars meanwhile being marked "Fidelity Trust Company, Trustee, owner and lessor."

It will thus be seen that, when the transaction is viewed as a whole, as must be the case, and the certificate in question measured from that standpoint, no indebtedness is involved or obligation incurred by the trustee to the holder, but it is simply a certificate of the holder's right to proportionate participation in a rental when paid.

Car trust certificates, such as here involved, have been so long and so largely used in the financial world, and are so vital a factor in the financing and equipment of railroads, that it would seem that Congress, had it intended taxing them, would have so covered them by specific designation, or by proper generic description, as to leave no question of its intent.

In our judgment, the law and facts are with the plaintiff, and the judgment of the District Court is therefore reversed, and the cause remanded to said court for further procedure in accordance with this opinion.