**MITTEN BANK SECURITIES CORPORATION v. UNITED STATES.**

**No. 20086.**

District Court, E. D. Pennsylvania, at Law. June 28, 1938.

George Henry Huft, of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, U. S. Dist. Atty., of Bethlehem, Pa., for the United States.

DICKINSON, District Judge.

This is an action to recover stamp duty taxes unlawfully imposed.

#### The Evidentiary Facts.

The Revenue Act imposes a tax upon all bonds "issued by any corporation with interest coupons or in registered form, known generally as corporate securities", 26 U.S.C.A. § 901, and further provides that every renewal shall be taxed as a new issue.

On March 16, 1925 Edward A. Cuthbert, an individual, was the owner of real estate premises of the type devoted to office building purposes and known as the Equitable Building. He issued a series of bonds in an aggregate sum exceeding $1,000,000, the payment of which was secured by a mortgage of the real estate premises. Whether disclosed by the evidence or not, it is safe to assume that the issuance of the bonds and the creation of the mortgage were part of the plan for financing the operation of the office building project, the bonds being expected to be sold to the general public for investment. To facilitate such sales the bonds were issued for relatively small sums, with interest coupons attached, and the mortgage was given to the Bankers Bond and Trust Company as trustee for the bondholders.

This Company was doubtless also the underwriter of the bond issue but at all events, to give a readier sale to the bonds, it stamped upon each bond its guaranty of the payment of the bond, principal and interest. No tax was imposed upon the issue. The plaintiff later, on August, 31, 1933, became or was contemplating becoming the owner of the real estate premises subject to the mortgage and was desirous to have the time of payment of the mortgage extended and the interest rate reduced. This was accomplished through an agreement of all concerned, to the effect that the original issue of bonds should be deposited with the Pennsylvania Company by the holders for the purpose of having new interest coupons attached and the bonds and interest coupons stamped with the guaranty of the plaintiff to pay them at the renewal date and the reduced rate of interest. The Bankers Trust Company and Cuthbert joined in the agreement and expressly continued the liability they had before assumed.

### The Ultimate Fact.

The ultimate fact finding to be made is whether the facts outlined made of the bonds a corporate investment within the meaning of the taxing Act, and the question of law to be determined is whether the bonds as issued were so taxable. The taxing authorities ruled that the transaction was so taxable and that revenue stamps must be attached to the agreement of August 31, 1933. The plaintiff accordingly attached them under protest and has brought this action to recover the sum so paid.

### Discussion.

■ The real question is the determination of what we have called the ultimate fact. This is so nearly akin to a conclusion of law that it may become confused with it. None the less it is a fact finding. It is usual to approach all questions of tax liability with an expression of the thought that all ambiguities and uncertainties in taxing statutes should be resolved in favor of the taxpayer. Dauphin Trust Co. v. United States, 3 Cir., 80 F.2d 893.

■ This is the result but the real doctrine is that neither the executive nor any administrative body nor the Courts nor all combined, can impose a tax upon any one. It must be done by Congress and by it alone. Congress, for obvious reasons, has seen fit not to tax individual bond issues. It has limited the imposed tax to "corporate securities". The fact question to be determined is whether the bonds with which this case concerns itself are the bonds of an individual or are corporate securities.

■ The very capable counsel who has discussed the case for the Government has favored us with a very earnest and full argument. Were the question what he conceives it to be, we might well find his agreement to be persuasive. He looks wholly to the results. The issue of the bonds of the individual obligor, fortified as they were by the guaranty of a corporation, answers to all the purposes of a corporate issue. Because of this we are asked to infer that an individual bond which has all the value of a corporate bond is for taxing purposes a corporate security. The part which the obligation of a bond, secured by a mortgage, plays in the saleability or marketability or commercial value of the bond is often nothing. Sometimes it is all important. We say this because it is a common practice to have the bonds of an individual obligor signed by what is called a straw man. Reliance in such cases is upon the value of the mortgaged premises. In many corporate securities little attention is paid to anything other than the ability of the issuing corporation to pay the interest on the issue.

The discussion which leads to an ultimate fact finding in such a case as here may be made well nigh endless. It may be summed up as in the answer to the kindred conclusion of law of whether the bond issue in question is taxable. Congress might well have made any issue of bonds, the payment of which is guaranteed by a corporation, taxable. The answer is however that it did not do so. We cannot make the fact finding that the bond of an individual obligor is the bond of a corporation because it has, though a corporate guaranty, an equal value.

We dispose of the case by the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. The issue of bonds in this case was the issue of bonds of Edward Cuthbert, an individual, and not the issue of corporate bonds.

2. The bonds with which this case concerns itself were the bonds of Cuthbert as an individual and not bonds "known generally as corporate securities."

### Conclusions of Law.

1. The bonds or renewals in question were not taxable under the provisions of the Revenue laws.

2. Plaintiff should have judgment for the tax paid, with interest.

To give definiteness of date to the judgment rendered for appellate or other purposes no judgment is now rendered but leave is given to enter judgment in accordance herewith, jurisdiction being retained for the purpose.

The defendant has submitted Requests for Findings of Fact and Conclusions of Law. These we answer as below, with this comment. We are asked to say that no taxpayer should be aided by the Courts in an attempt at tax evasion. We subscribe to this as the proper attitude of the Courts. There is however no justification of a finding of tax evasion. The difference here is an honest one over a question of tax liability. The original bonds were issued before the date of the present Revenue Statute. Whether there was a like law when the bonds were issued we have not inquired. A point is attempted to be made over the question of whether the Bankers Trust Company or the plaintiff is properly the plaintiff. We feel sure such a point will not be pressed. There is nothing in it. The plaintiff paid the money for the required stamps. The Bankers Trust Company did what they did for the plaintiff. We do not think the question of in whom is the right to recover turns upon the question of whose tongue licked the stamps which were affixed.

### Answers to Requests.

The requests for Findings of Fact are all found as requested except Requests 5, 6, 8, 10 and 11.

5. Request 5 is not found. The Pennsylvania Company did not guarantee the bonds.

6. Request 6 is denied. Cuthbert was a party to the agreement.

8. Request 8 is denied. The plaintiff affixed the stamps.

10. Request 10 is denied.

11. Request 11 is denied.

### Conclusions of Law.

All the Requests for Conclusions of Law are denied.

Exceptions allowed to answers.