## In re FOLLANSBEE BROS. CO.
### No. 18787.

District Court, W. D. Pennsylvania.
Aug. 24, 1940.

Dalzell, McFall & Pringle, of Pittsburgh, Pa., for Common Stockholders' Committee (Pittsburgh), Common Stockholders' Committee (New York City), and Preferred Stockholders' Committee (Pittsburgh).

William B. Paul, Gen. Counsel, of Pittsburgh, Pa., and Mitchell, Taylor, Capron & Marsh, Special Counsel, of New York City, for debtor.

C. Lester Horn, reorganization manager of debtor.

John B. Marsh and B. A. Brand, both of New York City, for Donoho & Co., underwriters of plan of reorganization submitted by debtor.

E. B. Strassburger, of Pittsburgh, Pa., and Jack N. Berkman, of Steubenville, Ohio, for Unsecured Creditors' Protective Committee and others.

James Milholland and Alter, Wright & Barron, all of Pittsburgh, Pa., for First Nat. Bank at Pittsburgh.

J. Henry O'Neill and Blaxter, O'Neill & Houston, all of Pittsburgh, Pa., for Unsecured Creditors' Committee (Murray S. Wilson, Chairman).

Sterrett Acheson & Jones, of Pittsburgh, Pa., for Common Stockholders' Protective Committee.

Bialas & Ryan, T. F. Ryan, and Maurice J. Dix, all of Pittsburgh, Pa., for Common Stockholders' Protective Committee.

W. Denning Stewart, of Pittsburgh, Pa., and Lewis A. Pinkussohn, of New York City, for Independent Bondholders' Committee.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for Bondholders' Protective Committee.

Pollock & Nemerov, of New York City, and T. F. Ryan and Maurice J. Dix, both of Pittsburgh, Pa., for Grady Stockholders' Committee.

J. E. MacCloskey, Jr., and Charles A. Jones, both of Pittsburgh, Pa., for Wm. W. Stewart, a common stockholder of Follansbee Bros. Co.

GIBSON, District Judge.

This case is before this court on two petitions of the Trustees of Follansbee Broth-

ers Company for instructions and direction as to the payment by them of certain documentary stamp taxes assessed by the Collector of Internal Revenue at Pittsburgh, Pennsylvania. The first petition for instructions was filed after the Bureau of Internal Revenue through its agent, the Collector at Pittsburgh on January 15, 1937, made a formal demand for tax in the amount of $1,450 which was alleged to be due on an aggregate principal amount of $1,450,000 of Trustees' certificates of indebtedness which the Trustees during the years 1935 and 1936 had issued pursuant to authorization contained in various orders made by this court. An answer was filed to the Trustees' petition by the Collector.

The amount claimed by the Collector was increased by $1,300, as appears in the Collector's amended proof of claim, dated October 13, 1937, on certificates issued by the Trustees under authority of the court at various times to July, 1937. No ruling on the validity of this claim has heretofore been sought.

The Trustees' second petition for instructions was filed after the Commissioner of Internal Revenue on June 14, 1937, made a demand for tax and penalty in the total amount of $427.14, which was alleged to be due on the issuance of certain trust certificates by a Bondholders' Protective Committee in Philadelphia, Pennsylvania. The Trustees filed a petition for instructions in regard to this assessment, pointing out that the alleged liability arose in connection with the transfer of the company's bonds, said to aggregate in face value the amount of $1,117,000, which bonds were transferred by the holders thereof to the Bondholders' Protective Committee of which Charles B. Roberts, III, of Philadelphia was Chairman. As set forth in this petition, the Trustees had no part in any of the transactions under which the Collector claimed the tax arose, and the Committee acted without the consent or authorization of the Trustees. No answer was filed to this petition and no further claim has been made by the Collector.

By agreement of counsel, as evidenced by a stipulation filed herewith, the court is requested to consider and pass on the validity of all three assessments above mentioned. If the court should be of the opinion that neither of the assessments totalling $1,856.80, of which the Collector has given formal notice, nor the additional sum of $1,300 included in the amended proof of claim of October 13, 1937, are properly made, both counsel for the Collector and for the Trustees have agreed that the court may, if it deem proper, enter its order instructing the Trustees to disregard the claims and directing the Collector to withdraw the assessments and the amended proof of claim of October 13, 1937, which contains the additional claim of $1,300 and includes all three of the claims hereinbefore described.

■ The Collector's claim for tax is based on Schedule A, subd. 1, of Title VIII of the Revenue Act of 1926, which imposes a tax on "all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities * * *". 26 U.S.C.A. Int.Rev.Acts, p. 288. Under the stipulation of counsel, the certificates in question do not have interest coupons attached and are not in registered form. The form of the certificates is a matter of record in this proceeding, the various orders of court authorizing their issuance having set forth the form thereof.

It is obvious from the language of Schedule A, subd. 1, above quoted, that two classes of corporate securities are intended to be taxed: (1) Bonds, debentures, or certificates of indebtedness issued by any corporation, and (2) all other instruments, however termed, generally known as corporate securities and issued with either interest coupons or in registered form.

Under the Chandler Act, 11 U.S.C.A. § 1 et seq., no possible claim could be made by the Collector, as Section 267 of that Act expressly exempts the issuance or exchange of securities under any plan confirmed under the Bankruptcy Act, but the instant claim arose prior to the passage of that Act.

■ The Trustees' certificates, issued upon order of court, having no coupons attached and not being in registered form, are not generally known as corporate securities. Bellefield Company v. Heiner, Collector, 3 Cir., 25 F.2d 560. Therefore no claim for tax upon them as such instruments is possible under the Revenue Act of 1926. It seems equally clear that the certificates are not "bonds, debentures, or certificates of indebtedness issued by any corporation." See United States v. Powell, 4 Cir., 95 F.2d 752. A petition for a writ of certiorari was denied by the Su-

450

preme Court in this case, 305 U. S. 619, 59 S.Ct. 79, 83 L.Ed. 395, and, in view of the constantly recurring nature of the tax claim, it would seem that the denial was tantamount to an affirmance of the judgment. Irrespective of the effect of the denial, the reasoning of the opinion is sound and will be followed by this court.

As to the claim for stamp taxes upon bonds of the Debtor Company transferred by holders thereof to a Committee for the purpose of use on behalf of the bondholder in the reorganization proceeding if any tax liability exists it is not that of the Trustees.

The court, being of opinion that no tax liability exists on the part of the Trustees, will file an order to that effect in the form stipulated by the United States Attorney, acting for the Collector, and by counsel for the Trustees.