EDMUND D. READ et al., Respondents, Impleaded with Others, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Argued October 7, 1940; decided December 31, 1940.

*H. S. Ogden* for appellant.

438

*Abraham Marcus, Samuel Paul Puner, Seymour Herzog, Philip Shapiro, James F. Hart* and *Mark I. Tager* for Edmund D. Read et al., respondents.

*Isaac Gluckman, Stanley S. Casden* and *Bernard Gitlin* for Isidore M. Hanft et al., respondents.

LEWIS, J.   An order of consolidation has enabled Special Term, by the single judgment entered herein, to determine questions common to numerous actions which were instituted by the several plaintiffs as a means of compelling the defendant Lehigh Valley Railroad Company, as guarantor, to redeem at their maturity certain bonds issued by Pennsylvania and New York Canal and Railroad Company. It will be convenient to refer to the defendant guarantor and to the original obligor respectively as the " Lehigh " and the " Canal Company."

The demands of the several plaintiffs are predicated upon Lehigh's guaranty to make " punctual payment of the

principal and interest * * * when and as the same becomes due and payable," which guaranty was indorsed upon registered bonds in the amount of $10,000,000 issued by the Canal Company on April 1, 1888, and became due April 1, 1939. Prior to their due date, however, Canal Company, as obligor, and Lehigh, as guarantor, proposed to the bondholders an agreement whereby the term of the bonds maturing April 1, 1939, should be extended ten years provided assent to such extension should be given by the holders of bonds affected thereby sufficient in amount to satisfy a committee appointed pursuant to the plan. With the approval of such committee the planned extension was declared operative March 14, 1939, when the holders of 88.9 per cent of the bonds issued by Canal Company and guaranteed by Lehigh had given their consent. Among those who assert ownership of the bonds, but who claim to have withheld their assent to the extension plan, are the present plaintiffs who, having failed to receive payment of the principal and interest due April 1, 1939, have brought numerous suits, now before us as a single action, to enforce against Lehigh its guaranty agreement.

The Appellate Division has affirmed the order and judgment of Special Term which, except as to the plaintiff Rosenbluth, granted motions by the plaintiffs for summary judgment for the relief demanded in the several complaints, and has denied the defendant's motion for summary judgment dismissing each complaint. As to the plaintiff Rosenbluth the Appellate Division affirmed the order of Special Term denying the defendant's motion to dismiss the complaint and directing a severance of the action. In granting leave to appeal to this court it certified the question, " Does the complaint of the plaintiff, Jacob Rosenbluth, state facts sufficient to constitute a cause of action? " Upon the plaintiffs' motions for summary judgment Special Term and the Appellate Division have ruled that in no one of the answers, except in the action of the plaintiff Rosenbluth, has the defendant raised a substantial issue of fact. Our conclusion is to the contrary.

Although the defendant's answers and supporting affidavits assert a number of alleged issues of fact, which it claims require a trial before judgment may be had, we rest our decision upon two of such issues which we conclude are tendered — the issue of ownership by the plaintiffs of the bonds they seek to redeem and the issue whether there is law extant in Pennsylvania, governing the enforcement of a guaranty of payment, of which the defendant may avail itself to require the plaintiffs, in response to its written demands, to exhaust their remedies against the Canal Company, as obligor, before proceeding against the guarantor.

In each of the actions consolidated — except that of the plaintiff Weiss, who is the registered owner of the bonds which form the basis of her action — ownership of the bonds in suit is alleged by the plaintiff and denied by the defendant.

All of the bonds in suit are payable " to the registered owner hereof, or to the legal representative of such registered owner " and are " transferable by the *holder* hereof only, in person or by his attorney duly authorized, *upon the books of said company* * * * a certificate of every such transfer to be endorsed hereon." At the time the bonds were issued by the Canal Company in 1888, Lehigh caused to be indorsed upon each the following guaranty: " For a valuable consideration the Lehigh Valley Railroad Company hereby guarantees to the holder of the within Bond the punctual payment of the principal and interest thereof when and as the same becomes due and payable." It is conceded that both the principal obligation of the bonds and the guaranty of payment by Lehigh were executed in Pennsylvania and were to be performed in that State. The plaintiffs have failed either to plead or prove the law of Pennsylvania, as it bears upon the language of the principal obligation or the guaranty. Accordingly we may proceed upon the assumption that the law of the foreign jurisdiction accords with the law of New York upon the subject. (*Cherwien* v. *Geiter*, 272 N. Y. 165, 168; *Weissman* v. *Banque De Bruxelles*, 254 N, Y. 488, 495; *Matter of Marchant* v. *Mead-*

*Morrison Mfg. Co.*, 252 N. Y. 284, 303.) As the guaranty was indorsed upon each bond at the time of the bond issue we may interpret the language of the guaranty as referable to the terms of the bonds. (*Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550, 555; *Everson* v. *Gere*, 122 N. Y. 290, 292; *Church* v. *Brown*, 21 N. Y. 315, 319; *Rogers* v. *Kneeland*, 13 Wend. 114, 122.)

Applying that rule to our present problem we conclude that when Lehigh guaranteed payment of principal and interest to the " holder of the within bond " its obligation was to pay the " holder " referred to in that provision of the bond itself which states: " This bond is transferable by the *holder* hereof only, in person or by his attorney duly authorized, *upon the books of said company.* * * *." Such " holder * * * upon the books of said company " is the " registered owner " of the bond, from which fact it follows that both the principal obligation of the bond and the guaranty of payment run to the same party, and thus the discharge of Lehigh's obligation as guarantor serves to discharge Canal Company's principal obligation.

This court has had occasion to consider bonds payable to the " registered holder " with special reference to those inherent qualities which give them facility of circulation. In *Reynolds* v. *Title Guarantee & Trust Co.* (240 N. Y. 257, 262, 263) the opinion by LEHMAN, J., now Chief Judge of this court, states: " Though a corporate bond payable to the ' registered holder ' and by its terms transferable by the holder only upon the books of the trustee may not be a negotiable instrument in a strict sense, * * * yet as this court said of certificates of stock in *N. Y. & N. H. R. R. Co.* v. *Schuyler* (34 N. Y. 30, 82): ' It was never intended to lock up those instruments in the hands of the stockholders named in them — but to give to them every practicable facility as the basis of commercial transactions.' Undoubtedly they were intended to pass easily from purchaser to purchaser and by proper indorsement, ownership as between seller and purchaser could be transferred. When the lawful registered holder delivered these bonds properly

indorsed to the broker and executed an irrevocable power of attorney for their transfer on the books of the trustee, the broker acquired a right to the bonds which he could protect by compelling a transfer on the books of the trustee. * * * The bond itself embodied the corporate obligation and, aside from any general rule that ordinarily delivery of a bond must accompany transfer of title, * * * it is clear from its form that the corporation issuing it intended that, at least, the equitable title and the right to compel registry should be transferable through delivery of the bond when the blanks upon it were properly filled out."

Reading the term "registered owner," as employed in the bonds here involved, in the light of the interpretation suggested in the opinion last quoted above, it follows that the obligation of Canal Company under the terms of its bonds, the guaranty of payment by Lehigh, and the cause of action upon the guaranty, were owned and may be enforced by the possessor of the bonds who is in fact registered as the owner upon the books of the company, or has those muniments of title by which he can compel the company to register in his name the bonds he holds.

With the exception of the plaintiff Weiss, the plaintiffs admittedly are not registered on the books of the company as the owners of the bonds of which redemption is sought. Nor do we find uncontroverted allegations that the plaintiffs are possessed not only of the bonds which are the bases of their actions but also those essential instruments of title by which registry of ownership upon the books of the company may be compelled.

True, the present plaintiffs have alleged in their complaints that they are the owners by assignments or otherwise of the bonds they seek to redeem. But these allegations in each instance are put in issue by the answer. It should also be said that it appears from supporting affidavits submitted by a number of the plaintiffs that, upon the motion for summary judgment, they presented in court the bonds upon which they sue. None of the bonds, however, except those of the plaintiff Weiss, were indorsed as having been

444

registered in the name of the plaintiff as owner. And in no instance did a plaintiff, as an alleged holder of a bond, give proof by affidavit or otherwise that he was in a position to compel registry of ownership in his name. Indeed it appears in some instances that the bonds remained registered in names of others than the plaintiffs after the commencement of the actions. It also appears from an affidavit filed by the defendant that there were presented by a number of the plaintiffs transfer powers in blank, some of which were dated after the commencement of the actions upon the bonds to which they referred. In short, with the exception of the plaintiff Weiss, there are no uncontroverted allegations in the complaints and the plaintiffs' supporting affidavits, so conclusive as to preclude a triable issue of fact upon the question of ownership of the bonds in suit.

There remains for consideration the alleged issue which arises from the defendant's assertion that, when the Pennsylvania law of exoneration is applied to the pleadings in each action, it serves to release Lehigh from its obligation as guarantor. None of the plaintiffs are in agreement with the defendant's claim that a statute and the common law of Pennsylvania invoked by the defendant and relating to the doctrine of exoneration of a guarantor of payment, are available as a defense to the plaintiffs' demands. The plaintiffs deny that there exists a law of the foreign jurisdiction which requires of them compliance with the written demand made by Lehigh that before they proceed to enforce the guaranty, they must exhaust their remedies to collect from Canal Company as obligor the debt represented by each bond. " The question of the *effect* to be given to the foreign law within this State by the courts of this State must be determined in accordance with the law of this State." (*Moscow Fire Ins. Co.* v. *Bank of New York*, 280 N. Y. 286, 303.) But the question of what *is* the law of the foreign jurisdiction is one of fact. It " * * * must be proved as facts are proven." (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127, 138; *Petrogradsky M. K. Bank* v. *National City Bank*, 253 N. Y. 23, 34; *Croker* v. *Croker*, 252 N. Y.

24, 26.) It has been made a triable issue by the parties to this action.

As to the complaint of the plaintiff Rosenbluth, the indorsements which appear to have been stamped upon the bond in suit and which relate to an assent to the extension plan, present an issue of fact to be tried.

The order of the Appellate Division denying the motion to dismiss the complaint served by the plaintiff Rosenbluth and severing the action should be affirmed, with costs, and the certified question answered in the affirmative. As to the remaining plaintiffs, the judgment of the Appellate Division and of the Special Term should be reversed and the plaintiffs' motions for summary judgment denied without costs. The order of the Appellate Division affirming the order of Special Term denying defendant's motion for summary judgment should be affirmed without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Ordered accordingly.