GENERAL MOTORS ACCEPTANCE CORPORATION v. HIGGINS, Collector of Internal Revenue.

District Court, S. D. New York.
March 28, 1945.

John Thomas Smith, of New York City (Anthony J. Russo, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (Louis Bender, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is an action to recover $25,000 paid as a documentary stamp tax levied upon certain corporate obligations issued by the plaintiff in 1935. The case was tried without a jury on stipulated facts and certain documents offered in evidence.

It appears that the plaintiff corporation which was engaged solely in the business of providing a financing service for dealers selling products of the General Motors Corporation and the retail customers of such dealers, desirous of funds for financing receivables and for other purposes in its current business, issued in the State of New York between January and June, 1935, 84 instruments designated as 3¼% notes in the total sum of $25,000,000, in denominations as follows:

| | | |
|---|---|---|
| 16 of | $1,000,000 | |
| 4 of | 500,000 | |
| 4 of | 250,000 | |
| 60 of | 100,000 | |

The instruments are identical as to form, terms, privileges and conditions except as to the number appearing at the top right-hand corner thereof, date, maturity date, amount, places of payment of principal and interest, and as to persons to whom payable; 13 being payable to the order of designated persons and the remaining 71 being payable to bearer. They were printed on tinted paper with steel engraved borders providing for authentication by the comptroller of the plaintiff corporation, and matured from 4½ to 5 years from date of issue.

The Commissioner of Internal Revenue pursuant to a report and recommendation dated December 16, 1936 assessed against

the plaintiff a documentary stamp tax on these instruments in the sum of $25,000 under Schedule A (1) of Title VIII, § 800 et seq., of the Revenue Act of 1926, as amended by section 721(a) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 288, claiming that these instruments issued by the plaintiff were in the general class of corporate securities taxable under the statute and made demand for payment.

The plaintiff paid the tax under protest and subsequently filed a claim for refund of the said sum so paid together with interest thereon, but the Commissioner of Internal Revenue disallowed and rejected the said claim for refund.

The Commissioner in his letter of rejection dated December 12, 1940 after setting forth the pertinent section of the Revenue Act under which it was claimed the said tax should be imposed, among other things, stated, "The so-called notes have the general appearance of corporate securities—the instrument may be regarded as in registered form." The Commissioner then referred to Willcuts v. Investors Syndicate, 8 Cir., 57 F.2d 811, certiorari denied, 287 U.S. 618, 53 S.Ct. 18, 77 L.Ed. 537. He also referred to Fidelity Trust Co. v. Lederer, D.C., 276 F. 51, 53, affirmed 267 U.S. 17, 45 S.Ct. 206, 69 L.Ed. 494. The Commissioner in the concluding paragraph of his letter also stated: "The use in the instant instrument of the term 'note' does not take it out of the statute. The instrument is certainly within the general class of corporate securities and it may be regarded as in registered form. This is enough to make it taxable and in the opinion of this office the tax was properly paid."

The applicable stamp tax statute under which it is claimed by the defendant that the instruments involved herein are taxable reads as follows: "Schedule A * * * 1. Bonds of indebtedness: On all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities, on each $100 of face value or fraction thereof, 10 cents: * * *."

The plaintiff contends that the instruments are promissory notes and, therefore, not taxable but that in any event no basis for such stamp tax may be found in the above-cited provision of the law.

The Government argues that while these instruments in controversy are designated "notes", that does not take them out of the statute; that the statute is a revenue measure and Congress intended that it be broad and comprehensive and reasonably construed to effectuate its general purpose; that the instruments sold by the plaintiff herein were properly taxed as corporate securities under the statute.

No witnesses were sworn at the trial to testify as to how these instruments might be classified. My examination of the pertinent cases convinces me that such testimony might be proper. My determination may also be arrived at by a study of the instruments themselves. In United States v. Isham, 1873, 17 Wall. 496, 84 U.S. 496, 505, 21 L.Ed. 728, we find the following rule set forth: "Whatever upon its face (the instrument) it purports to be, that it is for the purpose of ascertaining the stamp duty."

This rule has been followed by the Courts down to the present day. At any rate I do not have the advantage (or perhaps disadvantage) of the expert opinion as to what these documents might be "known generally as" for tax purposes. I can consider only the documents themselves and measure them with the yardstick of the law and precedent.

In connection therewith I quote the first part of one of the said documents, the quotation being taken verbatim from the letter of rejection of the Commissioner of Internal Revenue:

" '100,000                              No. 5 YH 000
United States
of America
General Motors Acceptance Corporation

'For Value Received, General Motors Acceptance Corporation, a corporation of the State of New York, (hereinafter called the Corporation), will pay to ———— on ————, 19——, the sum of ——— ONE HUNDRED THOUSAND DOLLARS ($100,000) at the office of ——— with interest thereon at the rate of three and one-quarter percent (3-1/4%) per annum from the date hereof, which interest shall be payable at the office of ——— semi-annually on ——— and ——— in each year, but only upon the presentation of this note for the notation thereon of the payment of such interest'."

■ From a cursory glance and indeed after study, the above seems to be nothing more or less than a promissory note blank and when filled out as the evidence shows they were, this part of the instrument appears to be nothing but a promissory note.

These instruments, so far, are in perfect accord with the Negotiable Instruments Law of the State of New York, Consol. Laws, c. 38, which defines a promissory note and which reads as follows: "A negotiable promissory note within the meaning of this chapter is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer * * *." Section 320.

This definition is the same as that contained in the Uniform Negotiable Instruments Act, Section 184, which has been generally adopted throughout the United States. It is clear that the instruments in suit or at least that part set forth above conform perfectly thereto.

The additional terms of the instruments providing for acceleration, redemption before maturity and those dealing with the "negative pledge" clause and authentication are not inconsistent with the spirit of a negotiable promissory note, and have no effect upon its essential character since terms tending to facilitate collection of the same render it more valuable rather than objectionable. Section 21, New York Negotiable Instruments Law; Chicago Ry.-Equipment Co. v. Merchants Bank, 136 U.S. 268, 10 S.Ct. 999, 34 L.Ed. 349; First Nat. Bank v. Blackman, 249 N.Y. 322, 164 N.E. 113.

I am satisfied that these instruments are negotiable instruments and essentially and primarily promissory notes. The fact that these documents may run for 4 or 5 years or the fact that they are for a large sum of money in no way affects their negotiability or their character. The fact that they are numbered in series or are printed on engraved paper, I feel does not alter their being classified as notes.

These instruments do have the essentials and come within the definition of the New York State Negotiable Instruments Law and the Uniform Negotiable Instruments Law, viz.: (1) "an unconditional promise in writing", (2) "made by one person to another", (3) "signed by the maker", (4) "engaging to pay on demand or at a fixed or determinable future time", (5) "a sum certain in money", and (6) "to order or to bearer."

Having determined that these documents are promissory notes they may not be taxed under the tax provision in question as bonds per se. Bellefield Co. v. Heiner, 3 Cir., 25 F.2d 560. Neither may they be taxed as debentures which are generally defined as unsecured bonds: Neither may they be taxed as certificates of indebtedness although it is true in a general sense they may be certificates of indebtedness, in that they are instruments acknowledging liability for the payment of money. Still I am convinced that neither the Treasury Department nor the defendant has ever contended or now contends that a stamp tax must be paid on a promissory note for that reason.

We are aided a bit in this respect by a ruling made in the past by the Treasury Department defining certificates of indebtedness, viz: "A certificate of indebtedness is primarily any instrument acknowledging liability for the payment of money, not in the recognized form of a promissory note or bill of exchange." Treasury Decisions 2713 (Par. 3) 1918.

The question before me, however, is not yet disposed of. These instruments may still be taxable as bonds if they come within the provisions of Regulations of the Treasury 71 (July, 1932), which reads as follows: "Art. 12. Instruments issued in numbers, under a trust indenture are bonds. Instruments containing the essential features of a promissory note, but issued in series, secured by a trust indenture, either in registered form or with coupons, embodying provisions for acceleration of maturity in the event of any default by the obligor, for optional registration in case of bearer bonds, for authentication by the trustee, and in some instances for redemption before maturity, or similar provisions, are bonds, within the meaning of the statute, whether called bonds, debentures, or notes."

■ These regulations were promulgated by the Commissioner of Internal Revenue with the approval of the Secretary of the Treasury and while they are not laws enacted by Congress, still it has been held by the United States Supreme Court, that they are entitled to respectful consideration and will not be ruled out except

for weighty reasons and have the force and effect of law if not inconsistent with the statutes. Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397; Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457.

■ The documents in question have some of the characteristics mentioned in Regulation 71, Article 12. For instance, they are "instruments containing the essential features of a promissory note"; they are "issued in series"; they have provisions for "acceleration of the maturity in the event of a default by the obligor" and "for redemption before maturity." It should be noted that these provisions are not uncommon in many promissory notes. There is a provision for authentication by the comptroller of the corporation which may or may not be similar to a provision for "authentication by the Trustee." In this case I regard it as nothing more than an additional required signature of one of the officers of the corporation. On the other hand these instruments are not issued "under a trust indenture"; are not secured by a "trust indenture, either in registered form or with coupons"; neither are there any provisions for optional registration in case of bearer bonds. I cannot conceive that it is within the spirit and intent of the Regulation to class as bonds instruments having the essential features of promissory notes unless they also had some of the essential features of a bond and unless the instruments were issued under a trust indenture or by a "trust indenture, either in registered form or with coupons." I hold that these instruments are not taxable under Regulation 71, Article 12.

There is still one more issue to be disposed of. There is still another provision of Schedule A (1) which must be examined. May these instruments be taxable on the theory that they come within this provision—"all instruments, * * * with interest coupons or in registered form, known generally as corporate securities"?.

■ As I read Schedule A (1), it seems obvious to me that there was contemplated a stamp tax upon two classes of instruments: (1) bonds, indentures or certificates of indebtedness issued by a corporation and (2) all other instruments however termed known generally as corporate securities and issued either with interest coupons or in registered form. Goldstein v. Groesbeck et al., D.C., 42 F.Supp. 419.

■ I disagree with the Government in its contention that the second class of instruments (2) to be taxed is "all other instruments however termed known generally as corporate securities". To that should be added the words "and issued either with interest coupons or in registered form." I am of the opinion that it never was intended to tax all instruments issued by a corporation (excepting, of course, bonds, indentures or certificates of indebtedness) which were generally known as corporate securities unless they were issued with interest coupons or were in registered form.

I would say, without deciding the point, that these instruments might well be termed generally "corporate securities."

It may well be said that these instruments are securities because they were issued by a corporation for the purpose of financing and promoting its enterprise and which were designed for investment. Matter of Waldstein, 160 Misc. 763, 291 N.Y.S. 697.

The instruments in question have the same form, size and appearance of corporate securities; they were issued for the purpose of financing the corporation business; they were designed for investment.

That is not enough, however. The real test in addition to the above is (a) were they issued with interest coupons and (b) were they issued in registered form?

In Motter v. Bankers Mortgage Co. of Topeka, Kan., 10 Cir., 93 F.2d 778, 779, the Court while holding that the securities were subject to the stamp tax (they were in registered form) laid down the rule as to the construction of this statute: "Obviously, it was contemplated by the Congress that the statute should be broad and comprehensive in scope and cover all forms of bonds, debentures, and certificates of indebtedness, and all instruments of every nature issued by a corporation *with interest coupons attached or in registered form known generally as corporate securities* * * *." (Italics added.)

Again in Dauphin Trust Co. v. United States, 3 Cir., 80 F.2d 893, 896, we find the Court in construing this statute using these words: "The certificate has not the 'interest coupons,' nor is it 'in registered form' as specified by the statute."

In United States v. American Trust & Banking Co., 6 Cir., 125 F.2d 113, 115, the

Court in determining that certain instruments should be taxed under this statute (the instruments in question were in registered form), laid down this rule: "The provisions of the Act are expressed in broad terms, including taxation of certificates of indebtedness, stock certificates, and all instruments issued by corporations, generally known as corporate securities—*provided they have interest coupons or are in registered form.*" (Italics added.) See also In re Follansbee Bros. Co., D.C., 42 F.Supp. 448.

It is conceded that the instruments here in dispute had no interest coupons. The sole remaining question is whether or not they are in registered form.

In Benwell v. City of Newark, 55 N.J. Eq. 260, 36 A. 668, 669, a fine description of registration was given as follows: "A registered bond is one which is a simple certificate of indebtedness, in favor of a particular individual, payable at a date named, with interest at days named. The name of the payee is entered on the books of the corporation debtor—municipal or private—as the registered owner, or, if it be a government bond, on the register of the government. On the days when, by the terms of the bond or certificate of indebtedness, the interest falls due, it is paid directly to the registered creditor, without presentation of the bond,—usually by check drawn to his order and sent by mail, or, if he so demands, by cash in hand; but, by long-settled course of practice, the payment is made by check to the order of the creditor. These bonds or certificates of indebtedness are not negotiable, and can be transferred only by an entry on the books of the debtor corporation, with a proper endorsement on the bond itself, or by the issue of a new certificate * * *. The peculiar value of this class of securities lies in the fact that it is not necessary to produce them to the debtor at each time that the interest is due, and the danger of loss by robbery or fire is entirely removed."

To the same effect are: Read v. Lehigh Valley R. Co., 284 N.Y. 435, 31 N.E.2d 891; Schaffer v. Federal Cement Co., D.C., 225 F. 893. Also see: Fletcher, Private Corporation, Perm. Ed., Vol. 6, C. 30, Sec. 2643.

It is apparent from a reading of the subject instruments that no provision for such registration is present. The fact that they must be presented for notation of payment of interest is repugnant to the registration concept. Benwell v. City of Newark, supra.

True, the instruments were numbered and a record kept of the holders thereof, but such a procedure is something less than sufficient to meet the "registration" idea as indicated by the cases cited.

Willcuts v. Investors Syndicate (cited by the Commissioner herein), 8 Cir., 57 F.2d 811, 812, certiorari denied 287 U.S. 618, 53 S.Ct. 18, 77 L.Ed. 537, is not inconsistent with this view. There, certain "Accumulative Installment Certificates" were the subject in suit and the court, reversing the District Court which had exempted the documents from tax, found them to be in registered form.

However, an examination of the facts of the Willcuts case indicates that more than mere numbering was the basis of the decision. There, the numbers were placed upon a ledger card, application blank, cross-reference card and passbook. The cards were the permanent records of the company and were filed numerically. The instruments were assignable by reference to their registration, it being provided in the instrument that "This Certificate if in force and uncancelled on the books of the company may be assigned, but the assignment or transfer hereof shall not be valid without the consent in writing endorsed hereon by the company and a transfer fee of $1.00 paid to the company." There is no provision for such registration in the instruments of the instant suit.

The Commissioner also relies upon Lederer v. Fidelity Trust Co., 267 U.S. 17, 45 S.Ct. 206, 69 L.Ed. 494, which reversed 3 Cir., 289 F. 1009. This case may very well be distinguished. The only issue before the United States Supreme Court in the Lederer case (267 U.S. page 20, 45 S.Ct. 206, 69 L.Ed. 494) was whether the "certificates are instruments issued, etc., known generally as corporate securities."

The record showed 289 F. 1009 footnote 1011 that the documents were in registered form (optional) which read as follows: "The holder of this certificate may have the same registered on the books of the trustee, when registration shall be noted on the back hereof, and thereafter the principal shall be transferred only upon the said books by the registered holder, or his duly authorized representative, unless the same shall have been transferred to bearer, in which case the principal shall

be payable to the bearer hereof, the dividend warrants being always payable to bearer."

The distinguished features of the documents here in question and those in the Willcuts and Lederer cases are this registration feature. The documents here in question contain no provision for registration on their face and in fact were not registered.

■ I feel that I have not construed this statute too narrowly. If there is ambiguity in this statute as applied to documents of the kind we have here, then that ambiguity should be resolved in favor of the taxpayer. After all it is Congress that should determine whether a tax may be levied and not the Courts. Mitten Bank Securities Corporation v. United States, D.C., 24 F.Supp. 198; Dauphin Trust Co. v. United States, 3 Cir., 80 F.2d 893; Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; McFeely v. Commissioner of Internal Revenue, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304.

Plaintiff is entitled to judgment against the defendant for the relief demanded in the complaint.

Settle decree on notice.