NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2239
_____

In re:  ENERGY FUTURE HOLDINGS CORP.
a/k/a TXU Corp. a/k/a TXU Corp a/k/a Texas Utilities, et al.,
Debtors

WAYNE ENGLISH,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-16-cv-01331)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 24, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 21, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Wayne English has appealed the District Court's order affirming the Bankruptcy Court's disallowance of his proof of claim. For the reasons detailed below, we will affirm.

In 2010, English purchased $100,000 in aggregate principal amount of 6.55% bonds issued by TXU Corporation, a predecessor of Energy Future Holdings Corporation. In 2014, Energy Future filed a voluntary petition for Chapter 11 bankruptcy. English then sold his bonds for $75,420, and filed a proof of claim against Energy Future for $24,580—the difference between the face amount of the bonds and price for which he sold them. He alleged that by selling his bonds, he had mitigated his damages, and was entitled to be made whole for his loss.

Energy Future objected to the proof of claim, arguing that any claim that English might have had traveled with the bonds to the buyer. After a hearing, the Bankruptcy Court disallowed the claim.[1] English appealed, and the District Court affirmed. English then filed a motion for reconsideration, which the District Court denied, and a timely notice of appeal to this Court. In this Court, First Energy has filed a motion to file a supplemental appendix and to supplement the record.

The District Court had jurisdiction under 28 U.S.C. § 158(a), and we have jurisdiction under 28 U.S.C. § 158(d). Chrysler Motors Corp. v. Schneiderman, 940 F.2d

---

[1] The Bankruptcy Court explained that once English sold the bonds, he ceased being a creditor of the debtors; that English had not shown fraud or any type of securities violation; and that English did "extremely well" by selling the bonds when he did, because the remaining bondholders would be paid about ten cents on the dollar. See D.A. at 254–56.

911, 912 (3d Cir. 1991). We exercise plenary review of the District Court's order and, like the District Court, review the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo. In re Lampe, 665 F.3d 506, 513 (3d Cir. 2011).

We agree with the District Court's analysis. Chapter 11 defines "claim" to mean, simply, a "right to payment." 11 U.S.C. § 101(5)(a). A "right to payment," in turn, "is nothing more nor less than an enforceable obligation." Cohen v. de la Cruz, 523 U.S. 213, 218 (1998) (quoting Pa. Dept. of Public Welfare v. Davenport, 495 U.S. 552, 559 (1990)). The burden was on English to prove that he had a right to payment. See In re Lampe, 665 F.3d at 514.[2]

English has not made the necessary showing. As he acknowledges, he sold the bonds to a third party before he filed his proof of claim. Once the sale was completed, the buyer—not English—became entitled to payment of the bonds' principal and interest. See Tex. Bus. & Com. Code. Ann. § 8.302; N.Y. U.C.C. Law § 8-302; Read v. Lehigh Valley R. Co., 31 N.E.2d 891, 894 (N.Y. 1940); In re W. T. Grant Co., 4 B.R. 53, 77 (Bankr. S.D.N.Y. 1980) ("[P]ost-bankruptcy purchasers of debt securities of an entity in bankruptcy obtain allowable claims equal to the face amount of such securities[.]").[3]

---

[2] More specifically, a proof of claim that alleges sufficient facts to support liability satisfies the claimant's initial obligation to proceed, after which the burden shifts to the objector to produce sufficient evidence to negate the prima facie validity of the filed claim. In re Lampe, 665 F.3d at 514. If the objector produces sufficient evidence, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." In re Allegheny Int'l, Inc., 954 F.2d 167, 174 (3d Cir. 1992). In a contested proceeding like this one, the burden of persuasion is always on the claimant. Id.

[3] The parties cite Texas and New York law, but we find it unnecessary to select the governing law both because it does not appear that the law of the respective states differs

3

English therefore has no enforceable right to payment for the bonds themselves.

Instead, he argues at some length that legal causes of action do not necessarily travel with the bonds upon a sale, cf. N.Y. Gen. Oblig. Law § 13-107 ("[u]nless expressly reserved in writing, a transfer of any bond shall vest in the transferee all claims or demands of the transferrer"), and that he properly mitigated his damages. But at no point before the Bankruptcy Court or the District Court did English identify any cause of action that he possessed against Energy Future. Instead, he alleged only that his bonds lost value, which, standing alone, does not state a viable cause of action. See generally Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 345 (2005) (explaining that the security statutes do not "provide investors with broad insurance against market losses"). We therefore agree with the Bankruptcy Court and the District Court that English failed to carry his burden of establishing that he possesses a valid claim.[4]

Accordingly, we will affirm the District Court's judgment. Appellee's motion to file a supplemental appendix and to supplement the record is granted to the extent that it seeks to file a supplemental appendix and denied to the extent that it seeks to supplement

---

on this issue and because we do not understand English to challenge the notion that his sale of the bonds transferred these interests. We note also that First Energy has filed a copy of the bond indenture, which further confirms that principal and interest will be paid to the holder of the bonds, see Indenture §§ 308, 808, but because this document was not part of the record before either the Bankruptcy Court or the District Court, we do not rely on it here. See generally Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances").

[4] To the extent that English appeals the District Court's order denying his motion for reconsideration, we will likewise affirm, as English failed to present a valid basis for reconsideration. See, e.g., Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

the record with the bond indenture (exhibit 1), which was not part of the record before the District Court.  Appellant's motion to take judicial notice is denied as presented.  The document, which is more in the nature of a letter under Fed. R. App. P. 28(j) that we may consider without relying on judicial notice, does not help appellant's cause.